FILED
SUPERIOR COURT
OF GUAM

2025 FEB 25 PM 1: 47

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MARIA BISCOE, | **CIVIL CASE NO. <u>CV0656-22</u>** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER RE MOTION FOR SUMMARY JUDGMENT** |
| GREEN ENERGY SOLUTIONS INC., | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on February 25, 2025, for a Motion Hearing on Maria Biscoe's (hereinafter "Ms. Biscoe" or "Plaintiff") Motion for Summary Judgment. Jon A. Visosky appeared via Zoom for Defendant Green Energy Solutions, Inc. ("GESI"), no counsel for Plaintiff was present. However, the Court does not believe argument is necessary and took this matter under advisement on the filings. Based on the relevant law and authorities, the Court now issues the following decision and order **DENYING** Plaintiff's Motion for Summary Judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Biscoe initially filed her Complaint for Monies Owed on November 28, 2022, alleging claims for Breach of Contract and Fraud. Green Energy Solutions ("GESI") Answered this Complaint on December 19, 2022. This case was assigned to Judge John C. Terlaje on June 8, 2023, and has now come before the Court on a Motion for Summary Judgement.

The relevant facts regarding the Motion for Summary Judgment are as follows:

1. Parties agree that they entered into a contract for Plaintiff's purchase and installation of two commercial air conditioners from Defendant on or about June 20, 2022. Motion for Summary Judgment (Nov. 14, 2024); Opposition to Plaintiff's Motion for Summary Judgement (Dec. 10, 2024).

2. Parties agree that the purchase price in the contract was Fifty-One Thousand and Seventy-Five Dollars ($51,075.00), and that Plaintiff paid a deposit of Thirty-Six Thousand Eight Hundred and Eighty-Seven Dollars and Fifty Cents ($36,887.50) as required by Defendant. *Id.*

3. Parties agree that on or about August 17, 2022, Defendant reached out to Plaintiff alerting her that there was a delay in obtaining the air conditioners from an off-island provider. *Id.*

4. Plaintiff alleges that parties agreed that the installation work must be completed within eight to twelve weeks of their agreement, and that the Defendant agreed to perform the installation within the required time. Motion for Summary Judgment (Nov. 14, 2024).

5. Defendant claims that it understood the contract term "the unit has 8-12 Weeks Lead Time" to mean that it would take the manufacturer eight to twelve weeks to manufacture the unit, and that this time frame did not set a deadline for installation. Opposition to Plaintiff's Motion for Summary Judgement (Dec. 10, 2024).

6. On August 24, 2022, Biscoe notified Defendant that she had secured another service provider to purchase and install new air conditioners immediately, and asked that Defendant return the deposit within seven days so she could use the money on the new purchase. Motion for Summary Judgment (Nov. 14, 2024).

7. An email from Imal Lynn Scott, President of GESI, to Plaintiff from August 25, 2022 stated "...the 23rd was the 8th week. Our contract gives me till September 23rd to have the units on island and start installing them. I have let you know that I can complete the contract as agreed." Scott Declaration, ¶¶ 6-8.

8. Plaintiff has claimed that Defendant owes the following in damages:

   1) Fifty-One Thousand Five Hundred and Seventy-Eight Dollars and Fifty-Seven Cents ($51,578.57) for the installation of commercial air conditioning units at the Xerox Building by JWS Refrigeration & Air Conditioning.

   2) Two Thousand One Hundred Fifty Dollars ($2,150.00) for the purchase of temporary air conditioners on June 21, 2022.

   3) A balance of Twenty Thousand One Hundred and Fifty Dollars ($20,150.00) from her initial deposit, as well interest on thereon. Motion for Summary Judgment (Nov. 14, 2024).

## II.     LAW AND DISCUSSION

A motion for summary judgment may be granted if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Guam R. Civ. P. 56(a). The pleadings and the substantive law determine the "materiality" of particular facts. *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 248 (1986). Materials in the record must support the facts, including "depositions, documents, electronically stored information, affidavits or

declarations, stipulations [], admissions, interrogatory answers, or other materials." GRCP 56(c)(1)(A). The Court must view the evidence and draw inferences in the light most favorable to the non-movant. *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27, 7. The role of the Court is to determine whether the disputed facts raised by the nonmoving party paired with the undisputed facts agreed to by both parties are such that no reasonable jury could return a verdict in the favor of the nonmoving party based on those facts. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 631 (9th Cir. 1987).

Plaintiff appears to allege two claims in her complaint. First, that GESI breached the contract by failing to timely obtain the air conditioning units and install them by the deadline set in the contract. Second, that Defendant GESI fraudulently misrepresented its ability to perform on the contract within eight to twelve weeks. Plaintiff has requested that the court review this case regarding whether there is a genuine dispute of material fact for summary judgment.

**A. Did Plaintiff sufficiently show that there is no genuine dispute as to any material fact and that Plaintiff is entitled to Judgment as a Matter of Law when there is disagreement of fact as to whether the contract dictated a deadline for installation?**

The Court answers this question in the negative and denies Plaintiff's Motion for Summary Judgment on this issue.

The fact remains that parties disagree as to the nature of the agreement, and Plaintiff is not entitled to Judgment as a Matter of Law on the Pleadings. As explained above, for Plaintiff to be entitled to Summary Judgment, the existing Pleadings from both parties must be so clear that no reasonable jury could find for the Defendant. In this case, Plaintiff and Defendant disagree on the meaning of a term in the contract: "The Unit has 8-12 Weeks Lead Time". According to Plaintiff,

she understood this term to mean that the work would be completed within 8-12 weeks. According to Defendant, they understood this term to mean that it would take the manufacturer 8-12 weeks to produce the products and ship them to Guam.

To establish a breach of contract, plaintiff is required to prove "1) existence of the contract, 2) the plaintiff's performance or excuse for nonperformance, 3) the defendant's breach and 4) resulting damages to the plaintiff." *Hemlani v. Hemlani*, 2015 Guam 16, ¶ 19. The meaning of the time range detailed in the contract, as well as the exact communication between parties when the "breach" occurred are facts which are determinative in whether or not Defendant breached. If the contract required delivery within 8-12 weeks and Defendant alerted Plaintiff that this would not be possible, that likely would constitute a breach. However, if the contract did not require performance within this time period, Defendant would not have breached and Plaintiff would have anticipatorily repudiated the contract. It is crucial to understand whether parties had the same impression of the meaning of the contract terms when the contract was formed to know whether Defendant breached. Therefore, because there is a dispute as to a material fact, Plaintiff's claim is not ripe for Summary Judgment.

Furthermore, it is possible for a reasonable jury to accept Defendant's interpretation of the facts given the agreed upon sequence of events. Plaintiff has not provided undisputable proof that both parties understood the contract to mean that performance was to be completed within 12 weeks. Therefore, because genuine disputes of material fact remain and a reasonable jury could find for the Defendant, Plaintiff is not entitled to Judgment as a Matter of Law and the Motion for Summary Judgment is denied.

**B. Did Plaintiff sufficiently show that there is no genuine dispute as to any material fact and that Plaintiff is entitled to Judgment as a Matter of Law when there is disagreement of fact as to whether Defendant had knowledge or intent to defraud Plaintiff?**

The Court answers this question in the negative and denies Plaintiff's Motion for Summary Judgment on the issue of fraud in the inducement.

Plaintiff claims that "Defendant knew or should have known as a commercial seller of air conditioners that the specific models desired by Plaintiff [were] not available within the time frame required in the contract," and that Defendant misrepresented its ability to perform when the contract was formed. As explained above, summary judgment may only be granted when Plaintiff shows there is no genuine dispute as to any material fact and Plaintiff is entitled to judgment as a matter of law. Guam R. Civ. P. 56(a). Materials in the record must support the facts, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations [], admissions, interrogatory answers, or other materials." GRCP 56(c)(l)(A). However, Plaintiff has not provided in the record any materials supporting the allegation that Defendant was aware the particular models may not be available. Defendant disputes the allegation that Defendant was aware there may be an issue or intentionally misrepresented its ability to perform on the contract.

Plaintiff included in her briefing that the elements of fraud include: "1) a misrepresentation; 2) knowledge of falsity (or scienter); 3) intent to defraud to induce reliance; 4) justifiable reliance; and 5) resulting damages." *Hemlani v. Flaherty*, 2003 Guam 17 (Guam 2003), citing *Transpacific Export Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 23. However, Plaintiff has not established facts to support a claim of fraud because she cannot show the Defendant intended to defraud to induce reliance or had knowledge of falsity. According to existing facts, Defendant believed it could

secure the contract materials within the timeline promised, and Plaintiff has shown no genuine facts that would imply otherwise. Therefore, because there remains a dispute as to material facts in this fraud claim, and because a reasonable jury could certainly side with Defendant given the lack of evidentiary support for the fraud claim, Plaintiff is not entitled to judgment as a matter of law. Therefore, the Motion for Summary Judgment on the fraud claim is also denied.

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court **DENIES** the Motion for Summary Judgment.

SO ORDERED _February 25_ , 2025.

_____

**HON. JOHN C. TERLAJE**
**Judge, Superior Court of Guam**